KAREN LeCRAFT HENDERSON, Circuit Judge,
concurring in the judgment:
While I concur, I by no means believe the issue is as open-and-shut as the substantive portion of the majority’s opinion suggests. See Majority Op. at 308-310. Plainly, Jacoby I did not find it so-Jacoby I declined to accept the Board’s position that as a matter of law “merely negligent conduct can never breach the duty of representation in any context, including that of the hiring hall.” Jacoby v. NLRB, 233 F.3d 611, 616 (D.C.Cir.2000). Nor did the Board, which apparently deemed its disposition here in conflict with its own decision in Int’l Ass’n of Bridge, Structural & Ornamental Ironworkers, Local 118 (California Erectors), 309 N.L.R.B. 808, 1992 WL 389435 (1992)-“a Board case that upheld a [Duty of Fair Representation] charge for negligent conduct under similar circumstances.” Majority Op. at 303.